a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LAMARIO T. LAWS #555152,<br>Plaintiff | CIVIL DOCKET NO. 5:20-CV-01177<br>SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DAVID WADE CORRECTIONAL CENTER,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

<u>REPORT AND RECOMMENDATION</u>

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF. No. 9) filed by *pro se* Petitioner Lamario T. Laws ("Laws"). Laws is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. Laws challenges his conviction in the 26th Judicial District Court, Bossier Parish.

Because two of Laws's claims are meritless, they should be DENIED, and one claim should be SERVED on the State.

I.   <u>Background</u>

Laws pleaded guilty to manslaughter and was sentenced to 35 years of imprisonment on January 11, 2017[1]. ECF No. 1 at 28. Laws filed an application for post-conviction relief, which was denied because Laws had a pending motion for

---

[1] Laws alleges that he was sentenced on April 22, 2016, but the sentencing court indicates he was sentenced on January 11, 2017. ECF No. 1 at 1, 28.

1

appeal. *Id.* The motion for appeal was denied, and Laws renewed his application for post-conviction relief on December 8, 2017. *Id.* Laws asserted the following claims: (1) "his conviction is unconstitutional because he was convicted in a parish other than that where the crime was committed without a change of venue"; (2) "he was rendered ineffective assistance where his defense failed to investigate the facts and object to the jurisdictional question raised"; and (3) "his guilty plea was not knowing, intelligent and voluntarily entered." ECF No. 1 at 28.

The trial court dismissed the third claim for "failure to conform to requirements of La. C.Cr.P. Art. 927(A)." ECF No. 9 at 28. The court ordered the State to respond to the other claims and ultimately denied the post-conviction application. *Id.* at 28-29. Laws filed a motion for reconsideration, which was also denied. ECF No. 1 at 31.

Laws sought review in the appellate court, which denied writs on the showing made. ECF No. 1 at 27. The Louisiana Supreme Court also denied Laws's writ application finding that Laws failed to show that he was denied effective assistance of counsel during plea negotiations under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984), and failed to satisfy his post-conviction burden of proof under La.C.Cr.P. art. 930.2 as to the remaining claims. *State v. Laws*, 2019-01299 (La. 7/17/20); 298 So.3d 159.

II. Law and Analysis

    A. Laws's Petition (ECF No. 9) is controlled by Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by the Court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" See Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

    B. Laws fails to state a claim regarding venue and his attorney's failure to challenge venue.

Laws cannot state a habeas claim based on improper venue. Section 2254 provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (citing Estelle v. McGuire, 502 U.S. 62, 67 (1991)). This includes arguments about improper venue. See Taylor v. Cain, 12-CV-556, 2015 WL 1258762, at *2 (W.D. La. Mar. 17, 2015) (citing Reynolds v. Cain, 2014 WL 688973, *6 n.9 (M.D. La. 2014); Suratt v. Cain, 2008 WL 2073995 (W.D. La. 2008)). Thus, habeas relief is not available on the improper venue claim.

Likewise, Laws's attorney was not ineffective for failing to raise the improper venue claim. To state a claim of ineffective assistance of counsel, a petitioner must

3

allege that his counsel's actions fell below an objective standard of reasonableness and that the ineffectiveness of counsel prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 686–87 (1984). If the petitioner does not make a sufficient showing as to either prong of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The prongs of the test also need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997). Furthermore, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042–43 (5th Cir. 1998).

In applying the first prong of *Strickland*, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See Strickland*, 466 U.S. at 689–90. The petitioner must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Id.* at 690; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

To establish prejudice, the second prong, the petitioner must demonstrate that counsel's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *U.S. v. Saenz–Forero*, 27 F.3d 1016, 1021 (5th Cir. 1994); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *see also Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995).

Laws alleges that the murder was committed in Shreveport, which is located in Caddo Parish, rather than Bossier Parish, where Laws was convicted. ECF No. 9 at 18-19. Therefore, Laws argues that his attorney should have objected to the jurisdiction and venue of the 26th Judicial District Court.[2] *Id.*

According to the trial court, the incident occurred in Bossier Parish. ECF No. 9 at 29. In fact, Laws was originally charged in Caddo Parish, but the charges were dropped and pursued in Bossier Parish since the crime actually occurred in that parish. *Id.* at 28-29. Because the crime occurred in Bossier Parish, counsel could not have been ineffective for failing to raise an objection to jurisdiction and venue in the 26th Judicial District Court. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (counsel cannot be ineffective for failing to raise a meritless claim). Thus, Laws cannot show that his counsel's actions fell below an objective standard of reasonableness.

Therefore, as to the denial of both of Laws's claims regarding venue, he cannot show that the state courts' rulings were contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254; *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir.2000), *cert. denied*, 532 U.S. 1039 (2001).

---

[2] Louisiana law provides that all trials shall take place in the parish where the offense has been committed, unless the venue is changed. And "if acts constituting an offense or if the elements of an offense occurred in more than one place . . . the offense is deemed to have been committed in any parish in this state in which any such act or element occurred." *See* La. Code Crim. P. art. 611(A).

### C. Laws's allegation regarding the voluntariness of his guilty plea and ineffective assistance of counsel with respect to the plea negotiations should be served.

Laws claims that his plea was not knowing or voluntary and he implies that he was denied effective assistance of counsel with respect to his plea. The trial court did not consider the claim because it failed "to conform to requirements of La. C.Cr.P. Art. 927(A)." ECF No. 9 at 28. It is unclear whether Laws fairly presented this claim to the other courts, as Laws did not provide copies of his writ applications on post-conviction review. The Supreme Court determined that counsel was not ineffective with respect to plea negotiations, but it is unclear whether Laws presented the claim regarding the voluntariness of his plea. Therefore, to determine what claims related to his guilty plea were presented and properly exhausted, this claim should be served on the State.

### III. Conclusion

Because the claims regarding venue are meritless, IT IS RECOMMENDED that claims one and two of Laws's § 2254 Petition be DENIED and DISMISSED WITH PREJUDICE. Service of process of the third claim will be directed through a separate Court order.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, February 26, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE