a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LAMARIO T LAWS #555152,<br>Plaintiff | CIVIL DOCKET NO. 5:20-CV-01177<br>SEC P |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| DAVID WADE CORRECTIONAL CENTER,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF. No. 9) filed by pro se Petitioner Lamario T. Laws ("Laws"). Laws is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. Laws challenges his conviction and sentence imposed in the 26th Judicial District Court, Bossier Parish.

Because Laws fails to meet his burden under § 2254, his remaining claims should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Laws was charged with second-degree murder after participating in a robbery that resulted in the death of one man. ECF No. 24-2 at 68, 69. On the third day of trial, Laws entered a guilty plea to manslaughter. *Id.* at 4. Laws was sentenced to 35 years of imprisonment. ECF No. 1 at 28.

Laws filed an application for post-conviction relief, which was denied because a motion to appeal was pending. *Id.* When the motion was denied, Laws renewed his application for post-conviction relief claiming: (1) "his conviction is unconstitutional because he was convicted in a parish other than that where the crime was committed without a change of venue"; (2) "he was rendered ineffective assistance where his defense failed to investigate the facts and object to the jurisdictional question raised"; and (3) "his guilty plea was not knowing, intelligent and voluntarily entered." ECF No. 1 at 28.

The trial court dismissed the third claim because it was not properly raised in a post-conviction application. ECF No. 24-2 at 94 (citing La. C.Cr.P. art. 930.3). The court ordered the State to respond to the other claims and ultimately denied the post-conviction application. *Id.* Laws filed a motion for reconsideration, which was also denied. ECF No. 1 at 31.

Laws sought review in the appellate court, which denied writs on the showing made. ECF No. 1 at 27. The Louisiana Supreme Court also denied Laws's writ application because Laws failed to show that he was denied effective assistance of counsel during plea negotiations under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984), and failed to satisfy his post-conviction burden of proof under La. C. Cr. P. art. 930.2 as to the remaining claims. *State v. Laws*, 2019-01299 (La. 7/17/20); 298 So.3d 159.

Laws then field this § 2254 Petition. The Court denied and dismissed Laws's claims related to venue. ECF No. 13. Because it was unclear whether Laws's claims

regarding the guilty plea were properly exhausted, those claims were served. Although it did not provide copies of the briefs filed in the Second Circuit or Louisiana Supreme Court on post-conviction review, the State concedes these claims were exhausted. ECF No. 24.

II. Law and Analysis

    A. Laws's Petition (ECF No. 9) is controlled by Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by the Court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" See Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases). This is such a case.

    B. Standard of Review

An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply de novo review of factual findings or to substitute its own opinions for the determinations made by the trial judge. See Davis v. Ayala, 576 U.S. 257, 276 (2015) (citing Harrington v. Richter, 562 U.S. 86, 102–03 (2011)).

Under § 2254 and the AEDPA, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in state court unless the adjudication of the claim: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Martin v. Cain*, 246 F.3d 471, 475-76 (5th Cir. 2001), *cert. den.*, 534 U.S. 885 (2001).

When a federal claim has been presented to a state court and the state court has summarily denied relief without a statement of reasons, it may be presumed that the state court adjudicated the claim on the merits absent any indication of state law procedural principles to the contrary. *Richter*, 562 U.S. at 99. A habeas court must "determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *See Richter*, 562 U.S. at 102. Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden must be met by showing there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98.

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases, or confronts a set of facts that are materially

4

indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. *See Martin*, 246 F.3d at 476; *see also Rivera v. Quarterman*, 505 F.3d 349, 356 (5th Cir. 2007), *cert. den.*, 555 U.S. 827 (2008).

A federal court cannot grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously; the court must conclude that such application was also unreasonable. *See Martin*, 246 F.3d at 476. An unreasonable application is different from an incorrect one. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). When a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable. *See Mitchell v. Esparza*, 540 U.S. 12, 18 (2003); *see also Davis*, 135 S. Ct. at 2199 (citing *Fry v. Pliler*, 551 U.S. 112, 119 (2007)).

    C.    <u>Laws's plea was voluntary, and he was not deprived of effective assistance regarding his plea.</u>

A federal court will uphold a guilty plea challenged in a habeas proceeding if the plea was knowing, voluntary, and intelligent. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A guilty plea is considered knowing, voluntary, and intelligent if the defendant has been advised and indicates that he knows and is aware of "the maximum prison term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 n. 2 (5th Cir. 1996) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)). Thus, if the habeas petitioner "understood the length of time he might

5

possibly receive, he was fully aware of his plea's consequences." *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982).[1]

When analyzing a collateral attack on a guilty plea entered pursuant to a plea bargain, "the representations of the defendant, his lawyer, and the prosecutor at [the original plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Moreover, while prior attestations of voluntariness are not an absolute bar to relief, they impose on the Petitioner a heavy burden. *U.S. v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1984). Laws must show that his plea was "so much the product of . . . misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge*, 431 U.S. at 75.

The record contains a transcript of the plea colloquy, which confirms that Laws's guilty plea was knowing, voluntary, and intelligent, and that he understood the potential sentence.

> THE COURT:
> All right. Subject to some discussions this morning with both Mr. Prudhomme and Mr. Jacobs on behalf of the State, is it my understanding, gentlemen, that

---

[1] Put another way, a guilty plea is considered "voluntary" if it is made by a defendant who is "'fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel'" and who has not been "induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970) (quoting *Shelton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir. 1957)).

at this time Mr. Laws intends to enter a - a plea that we previously discussed, Mr. Prudhomme?

MR. PRUDHOMME:
That's correct, Your Honor. Pursuant to discussions that I've had with the State and lengthy discussions that I've had with my client at this time he wishes to forego the remainder of the trial and withdraw his former plea of not guilty and enter a plea of guilty to Manslaughter.

THE COURT:
All right. And is that the plea offer that has been made by the State?

MR. JACOBS:
It's my understanding that the plea would be Manslaughter. We have no objection to it running concurrent with anything he may be serving right now, but the sentence would be contingent upon a presentence investigation and would be in Your Honor's hands at that point and time.

THE COURT:
And the only other portion of that agreement is that the State would agree not to seek a multiple offender bill of information against him for the conviction of this crime and this crime only.

MR. JACOBS:
Yes, Your Honor.

MR. PRUDHOMME:
That's our understanding, Your Honor.
. . .

THE COURT:
You have discussed with Mr. Prudhomme the details of the plea agreement?

MR. LAWS:
Yes, sir.
THE COURT:
And he's explained to you the minimum and maximum penalties associated with the offense of Manslaughter?

MR. LAWS:
Yes, sir.

THE COURT:

7

And you understand that you do have the right to continue with your not guilty plea and to complete this jury trial that we've already begun?

MR. LAWS:
Yes, sir.

THE COURT:
And you understand that the State would continue to have the burden to prove each element of the offense of which you are charged against you beyond a reasonable doubt?

MR. LAWS:
Yes, sir.

THE COURT:
And you understand that you would continue to have the right to cross-examine your accusers or confront your accusers through the cross-examination of your attorney, Mr. Prudhomme?

MR. LAWS:
Yes, sir.

THE COURT:
And you understand that you would have the right, if necessary, to subpoena or compel any witnesses or additional witnesses to come forward and testify to support your defense?

MR. LAWS:
Yes, sir.

THE COURT:
Do you also understand that if you were ultimately convicted by this jury trial that you would have the right to an appeal?

MR. LAWS:
Yes, sir.
THE COURT:
And that by pleading guilty this morning that the trial would stop and that you would be forfeiting the rights I just described to you?

MR. LAWS:
Yes, sir.

THE COURT:

Do you also understand that if you plead guilty today and the Court accepts your guilty plea if you were convicted at a later date that this conviction could be used to increase or -- increase or enhance the penalties or charges against you in the future?

MR. LAWS:
Yes, sir.

THE COURT:
Do you also understand that even subject to the plea agreement that the ultimate sentencing will be determined by this Court subject to the parameters as outlined in the charge of Manslaughter which is a minimum of five years and a maximum of forty years?

MR. LAWS:
Yes, sir.

THE COURT:
And has there been any threats made to you or any promises made to you that ultimately forced you or coerced you to enter this plea? I know there's been some discussions about potential consideration of sentencing depending upon your cooperation, but other than that, that hasn't forced you or coerced you to enter this plea; you're entering your plea at your own volition?

MR. LAWS:
Yes, sir.

THE COURT:
And you are pleading guilty to the - the charge of Manslaughter which is responsive to the charge of Second-Degree Murder because of that you believe you're guilty of that offense based on your participation in the - the incident that arose to these charges?

MR. LAWS:
Yes, sir.

THE COURT:
In other words, you're pleading guilty because you are guilty?

MR. LAWS:
Yes, sir.

ECF no. 24-1 at 3-8.

The trial judge thoroughly questioned Laws concerning his knowledge and understanding of the charges against him and the effects of a guilty plea, thus satisfying the mandate of *Boykin v. Alabama*, 395 U.S. 238 (1969). The judge informed Laws that: (1) he had a right to continue with his jury trial; (2) he had the right to produce, examine, and cross-examine witnesses; (3) the State had the burden of proving every element of second-degree murder; and (4) the sentence imposed for manslaughter could be anywhere from five to 40 years.

Laws verbally indicated that he understood. Laws affirmed that he was waiving his rights and that his attorney had explained to him the charge and potential sentence. He stated that he was pleading guilty because he was in fact guilty of manslaughter and not because he had been threatened or for any other reason. Laws responded that his guilty plea was free and voluntary. He offers no evidence to the contrary.

D. <u>Laws cannot establish ineffective assistance of counsel.</u>

Generally, to succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment; and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial. *Strickland*, 466 U.S. at 687. The first prong does not require perfect assistance by counsel; rather, a petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* at 688.

To demonstrate prejudice in connection with a guilty plea under the second prong, the petitioner must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on a trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Calloway v. Director*, 6:07-CV-473, 2008 WL 687522, at *3 (E.D. Tex. 2008).

This Court must review Laws's ineffective assistance claim under a "doubly deferential" standard of *Strickland* and § 2254(d). *See Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *see also Rhoades v. Davis*, 852 F.3d 422, 434 (5th Cir. 2017) ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)."). That is, on habeas review, "federal courts are to afford both the state court and the defense attorney the benefit of the doubt." *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quotation marks omitted). The habeas court does not determine whether counsel's actions were reasonable, but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 99.

Effective assistance of counsel on the entry of a guilty plea requires that counsel ascertain whether the plea is entered voluntarily and knowingly. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). In fact, "[e]ven where counsel has rendered totally ineffective assistance to the defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary." *Id.*

11

Laws's plea was negotiated mid-trial. In exchange for pleading guilty to the lesser offense of manslaughter, the State agreed not to seek a multiple offender bill against Laws for that crime. Thus, instead receiving a life sentence for a second-degree murder conviction or as a habitual offender, Laws faced a maximum of 40 years. He received a 35-year sentence. That counsel informed Laws mid-trial that pleading to manslaughter was his "best option" in light of the evidence presented does not establish ineffective assistance. ECF No. 9-1 at 9.

Accordingly, Laws has not presented evidence to satisfy his burden of showing that his guilty plea was not entered knowingly, voluntarily, and intelligently, or that counsel's advice fell below the range of competence demanded of attorneys in criminal cases. Nor has Laws shown that the State court's findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

### III. Conclusion

Because Laws cannot meet his burden under § 2254, IT IS RECOMMENDED that all remaining claims of his § 2254 Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Tuesday, April 19, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE